IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK D. WHITFIELD,<br>　　　　Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL NO. 3:16-CV-1781-D-BK |
| | § | (Criminal No. 3:14-CR-248-D-02) |
| UNITED STATES OF AMERICA,<br>　　　　Respondent. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. The Government has filed a response. Upon review of the relevant pleadings and law, and for the reasons that follow, the section 2255 motion should be **DISMISSED WITH PREJUDICE** as time barred.

**I. BACKGROUND**

In September 2014, Petitioner pled guilty to conspiring to interfere with commerce by robbery in violation of 18 U.S.C. § 1951 (Count 1) and using and carrying a firearm during a crime of violence (namely the "Hobbs Act" robbery under section 1951) in violation of 18 U.S.C. § 924(c)(1) and (2) (Count 4). On June 5, 2015, he was sentenced to 225 months' imprisonment on Count 1 and 84 months' imprisonment on Count 4 to run consecutively, and ordered to pay restitution of $555,287.00, jointly and severally with his co-defendant. Crim. Doc. 71. Petitioner did not pursue a direct appeal.

On June 25, 2016, through appointed counsel, the Federal Public Defender, Petitioner filed this section 2255 motion to vacate sentence, seeking to challenge his sentence as unconstitutional under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015),

which held that imposing an increased sentence under the residual clause definition of a "violent felony" of the Armed Career Criminal Act (ACCA), found at 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process. Doc. 7 at 1; Doc. 1 at 7.[1] Specifically, Petitioner seeks to extend the holding in *Johnson* to the similarly worded residual clause of 18 U.S.C. § 924(c)(3)(B) (defining "crime of violence" as it relates the penalties for firearms offenses). *Id.* He also claims that his Hobbs Act robbery conviction does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(B)'s residual clause. Doc. 7 at 1.

The government has filed a response in opposition, arguing the section 2255 motion was untimely, and Petitioner's claim was waived, procedurally barred, and meritless. Doc. 10. Petitioner has not filed a reply, but he objected to the application of the statute of limitations in response to the court's initial order raising limitations *sua sponte*. Doc. 6. Thus, the section 2255 motion is now ripe for review.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f).

### A. Limitations

Petitioner's section 2255 motion is clearly untimely. More than one year and seven days elapsed between the date his conviction first became final on June 19, 2015, and when he filed the motion *sub judice* on June 25, 2016. Fed. R. App. P. 4(b)(1)(A); *Clay v. United States*, 537

---

[1] The Federal Public Defender's Office had been appointed to investigate whether Petitioner was entitled to post-conviction relief under *Johnson*. Crim. Doc. 78, *Unopposed Mot. to Appoint Counsel*, and Crim. Doc. 79, Electronic Ord. granting the same.

U.S. 522, 527 (2003) (a judgment becomes final when the applicable period for seeking direct review of a conviction has expired). Moreover, Petitioner's reliance on 28 U.S.C. § 2255(f)(3) and the holding in *Johnson* to overcome the one-year limitations period in section 2255(f)(1) is misplaced.  Doc. 6 at 4-5.

Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." And while the Supreme Court has found its holding in *Johnson* retroactively applicable to cases on collateral review, *United States v. Welch*, ___ U.S. ___, 136 S. Ct. 1257 (2016), *Johnson* has no bearing on Petitioner's case. Petitioner's sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, ___ U.S. ___, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). Rather Petitioner was sentenced under 18 U.S.C. § 924(c) to a consecutive 84-month term of imprisonment for using and carrying a firearm during a crime of violence. *See* Crim. Doc. 44-1 at 13, PSR ¶ 76; Crim. Doc. 56-1 at 6, Addendum to PSR ¶¶ 128-129 (Sentencing Options).  *See also In re Fields*, 826 F.3d 785, 786-787 (5th Cir. 2016) (per curiam) (specifically noting that *Johnson* did not address section 924(c)(3)(B)'s residual clause definition of a crime of violence).

Thus, section 2255(f)(3) has no application in this case.[2]  Consequently, Petitioner's section 2255 motion is clearly outside the one-year statute of limitations absent equitable tolling.

---

[2] Sections 2255(f)(2) and (4) are likewise inapplicable. Petitioner has not premised his claims on a government-created impediment, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final.

### B. Equitable Tolling

Petitioner posits no facts from which the Court can find that equitable tolling applies. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States,* ___ U.S. ___, 136 S. Ct. 750, 755-756 (2016). *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted). Neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). Accordingly, Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case. *Id.* at 365.

### C. Actual Innocence

Despite the fact that he pled guilty, Petitioner asserts that Hobbs Act robbery is no longer a crime violence under section 924(c)(3) and, thus, that he is actually innocent of the section 924(c) offense as a matter of law. Doc. 6 at 5. While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, ––– U.S. ––––, 133 S. Ct. 1924, 1928 (2013). It is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quotations and quoted case omitted). To meet the threshold requirement, a petitioner must present new evidence

in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, Petitioner cannot meet that threshold. His motion does not present newly discovered evidence that would undermine the Court's confidence regarding its finding of guilt. Doc. 6 at 5. He argues only that "if . . . Hobbs Act robbery is no longer a 'crime of violence' under 18 U.S.C. § 924(c)(3), then that would make him actually innocent of the offense as a matter of law." *Id.* That notwithstanding, the underlying premise of Petitioner's argument is flawed, as Hobbs Act robbery qualifies as a crime-of-violence under 18 U.S.C. § 924(c)(3)(A)'s force clause definition and, therefore, the residual clause found at 18 U.S.C. § 924(c)(3)(B) is not implicated here.[3] *See United States v. Buck*, 847 F.3d 267, 274-275 (5th Cir. 2017), *petition for cert. filed*, No. 16-9034 (U.S. May 1, 2017) (citing the holdings of sister circuits in concluding that "[i]t was not error—plain or otherwise—for the district court to classify a Hobbs Act robbery as a crime of violence" under section 924(c)(3)(A)); *see also Hobbs v. United States*, No. 3:16-CV-1139-O, 2017 WL 194291 at *4 (N.D. Tex. 2017) (O'Connor, J.) (dismissing section 2255 motion as time barred and holding that "the definition of a Hobbs Act robbery fits under section 924(c)'s force clause, not its residual clause.").

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28

---

[3] Sub-section (A), the so-called "force clause" defines "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," while sub-section (B), the so-called "residual clause" defines it as a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3).

U.S.C. § 2255 be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.  See 28 U.S.C. § 2255(f).

**SIGNED** June 2, 2017.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE